March 22, 1977

## 78-76  MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### The White House Office—Expenditure of Appropriated Funds—Handling Mail for Members of the President's Family

This is in response to your request for our views on whether the White House is authorized to pay the costs of processing mail addressed to members of the President's family other than Mrs. Carter. We understand that staff salaries and related costs of handling Mrs. Carter's mail are paid out of funds appropriated for the White House Office.

It is our opinion that White House Office funds may be used for handling mail addressed by the general public to members of the family who reside in the White House, and perhaps for the President's son who does not live in the White House and the President's mother as well.

Funds appropriated for the White House Office may be used for salaries and other "necessary" expenses of that Office. Expenses are thought to be necessary if they are reasonably related to the general governmental functions for which the funds were appropriated. 52 Comp. Gen. 504 (1973); 50 Comp. Gen. 534 (1971). It seems reasonable to conclude that mail sent to members of the President's family because of their relationship to the President should be answered in order to respond to the writers' concerns and to demonstrate that the White House and the First Family—who are in a sense representatives of the President—are interested in them. In our view, this function is appropriately related to the operation of the White House.

The nexus between the regular governmental functions of the White House Office and its handling of mail of the President's family is particularly strong for those family members who reside in the White House, because they are presumably more closely identified in the public's mind with the President's official duties. The White House Office appropriation is available to assist the President in performing those duties, traditionally including matters relating to the President's household. Therefore, that appropriation does, in our view,

reasonably cover the expenses of handling mail of members of the household.* It is presumably on this basis that the costs of handling Mrs. Carter's mail are paid from Government funds, and we see no reason to distinguish other members of the President's household in this regard. We note, too, that it is much the same rationale that permits the expenditure of Government funds for official travel by members of the President's family.

The nexus to the official operations of the White House Office would appear to be less direct when the family members involved are not part of the President's household in the White House. However, in our view, since such family members receive mail because of their relationship to the President and are perceived to be acting on his behalf to a degree when they reply to the letters, the processing of their mail is also sufficiently related to the purposes for which funds are appropriated to the White House Office to permit those funds to be used in this fashion.

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

*We believe that on this same theory, Mrs. Carter may assign a member of her staff, paid out of White House Office appropriations, to be responsible for scheduling the affairs of other members of the family who reside in the White House.